Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (310) 437-8665
Facsimile:   (310) 943-2085

*Attorneys for Plaintiff,*
Backgrid USA, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| BACKGRID USA, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> HAUTE LIVING INC., a Florida corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 2:25-cv-00812 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, Backgrid USA, Inc. ("Backgrid"), complains against Defendant, Haute Living Inc. ("Haute Living"), a corporation, and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendant and its agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Specifically, Defendant Haute Living's magazines, social media accounts, and website are directed to and consumed by Los Angeles readers, in that Defendant even produces a "LA" Issue of its magazine. It also touts itself as having a "strong digital presence" in Los Angeles to potential advertisers. In fact, Defendant's most recent issue of its LA magazine included multiple pages of advertisements for LA realtors, sponsored content for LA businesses, ads for upcoming events in LA, photoshoots that were shot in LA locations, as well as articles about local LA happenings, such as LA based restaurants and art.

## PARTIES

3. Plaintiff Backgrid USA, Inc. is a California corporation with its principal place of business located in Redondo Beach, California.

4. Defendant Haute Living, Inc. is a Florida corporation with its principal place of business in Miami, Florida.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

6. Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, Backgrid owns coveted photographs of celebrities, including Travis Kelce, Taylor Swift, Rihanna, and A$AP Rocky (hereinafter the "Celebrity Photographs"). All rights, title and interest in the Celebrity Photographs (the photographs at issue in this case), including but not limited to the copyrights thereon, are owned by Backgrid.

8. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. *See* Exhibit A.

*Defendant and Its Willful Infringing Activity*

9. Defendant Haute Living is a media conglomerate that touts itself as "a trusted leader in luxury" that "offers its high net worth audience a one-stop destination for all things pertaining to their elite lifestyles" and is "the authority on luxury living." It has "built a powerful list of subscribers and readers that contains

3
**COMPLAINT**

1   high-level CEOs, celebrities, professional athletes, private jet owners, billionaire
2   residents, and renowned brands in each respective market." To attract users to the
3   Haute websites, such as hauteliving.com and hautetime.com ("Haute Websites"),
4   Haute Living operates and controls social media accounts targeted to different
5   "Haute" interests. Here, the infringement occurred through the Instagram account
6   for Haute Living, located at @hauteliving (the "Social Media Account").

7       10.    Haute Living violated federal law by willfully infringing Backgrid's
8   copyrights to at least 4 photographs on, at least, the Social Media Account.
9   Attached hereto as Exhibit B and incorporated herein by reference are true and
10  correct screenshots of the Social Media Account, including screenshots of the 4
11  infringed photographs at issue in this lawsuit.

12      11.    Additionally, Haute Living induced, caused, or materially contributed
13  to the reproduction, distribution and public display of the Celebrity Photographs,
14  and derivatives thereof, all while knowing or having reason to know of the
15  infringement on its accounts were without permission, consent, or license.  By
16  uploading the Celebrity Photographs to the Social Media Account, Haute Living
17  encourages its fans to "share" the photographs, thus, causing others to also
18  willfully infringe and multiplying the harm to Backgrid.

19      12.    On information and belief, Haute Living operates and controls its
20  Social Media Account at all times relevant to this dispute and financially benefits
21  from the infringement of the Celebrity Photographs displayed thereto.  On
22  information and belief, Haute Living has driven significant traffic to its Social
23  Media Account in large part due to the presence of the sought after and searched-
24  for Celebrity Photographs that frame this dispute. All of this traffic translates into
25  substantial ill-gotten commercial advantage and brand awareness as a direct
26  consequence of its infringing actions.

27      13.    Haute Living is a repeat infringer of Backgrid's copyrights.  On
28  August 12, 2021, Backgrid sued Haute Living for copyright infringement of other

Backgrid photographs. Haute Living had exploited at least five of Backgrid's photos. (*Backgrid USA, Inc. v. Haute Living Inc.*, No. 2:21-cv-06543-FWS-SK, 2023 U.S. Dist. LEXIS 38113 (C.D. Cal. Jan. 6, 2023). In a nearly identical situation, a district court in the Central District of California court granted Backgrid's Motion for Partial Summary Judgment on liability. Haute Living has infringed again less than two years later.

14. On or around March 22, 2024, BackGrid's copyright agent emailed Haute Living regarding Haute Living's use of three of Backgrid's photographs without permission. On April 24, 2024, Seth Semilof, who, on information and belief is the co-founder of Haute Media, responded to the email message, but did not engage in substantive discussion regarding resolution.

15. Stunningly, despite receiving email correspondence from Backgrid on or around March 22, 2024, Haute Living posted another one of Backgrid's photographs without permission. Backgrid's agent informed Mr. Semilof of the same on April 24, 2024. Mr. Semilof did not respond. Backgrid continued to attempt to resolve this matter with Haute Living informally, following up no less than 5 times, but was ignored for at least 3 months.

16. Haute Living is a sophisticated publisher of copyrighted material, that relies on the strictures of copyright law to protect its own content. Moreover, it regularly publishes articles regarding copyright law, demonstrating its understanding further. It published an article "Dua Lipa Battles Copyright Lawsuit Over Unauthorized Paparazzi Photo," in which Haute Living concluded "As a big social media star, posting images comes with an expensive price tag and a lot of responsibility; however Dua Lipa's case may fare in court, we are sure she's learned that it is crucial to receive licensing, and of course, give credit where it's due." *See Dua Lipa Battles Copyright Lawsuit Over Unauthorized Paparazzi Photo* (https://hauteliving.com/hautelawyer/638344/dua-lipa-battles-copyright-lawsuit-against-integral-images/). Moreover, it frequently reports on intellectual

1  property infringement. *See e.g. H&M Copyright Case Heading to Supreme Court*
2  (https://hauteliving.com/hautelawyer/638004/hm-copyright-case-heading-supreme-
3  court/). Indeed, this article is even categorized under and attributed to "Haute
4  Lawyer."

5      17.    Moreover, Haute Living, Inc. (including related and predecessor
6  entities Haute Residence, LLC and Haute Living, LLC) has been sued for
7  copyright and trademark infringement before, putting it on further notice of the
8  need for licensing content. *Oppenheimer v. Haute Media, LLC,* 1:16-cv-02176
9  (S.D.N.Y. 2016); *The Tot Baby Corp. v. Haute Living, Inc*., 3:-18-cv-1191 (S.D.
10  Fla. 2018); *BWP Media USA, Inc. v. Haute Living, Inc.,* 1:13-cv-22144 (S.D. Fla.
11  2013); *Kmonicek v. Haute Living Inc.,* 1:2017-cv-24082 (S.D. Fla. 2018); *Vogts.*
12  *v. Haute Residence LLC,* 1:2020-cv-21938 (S.D. Fla. 2020); *Gould v. Haute*
13  *Living, Inc.,* 1:19-cv-04843 (S.D.N.Y. 2019); and *Backgrid USA, Inc. v. Haute*
14  *Living Inc.*, 2:21-cv-06543-FWS-SK (C.D. Cal. 2023).

15      18.    Backgrid attempted to resolve this matter prior to filing suit, but the
16  parties were unable to do so.

## FIRST CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. § 501)

19      19.    Backgrid incorporates hereby reference the allegations in paragraphs 1
20  through 18 above.

21      20.    Backgrid is the owner of all rights, title, and interest in the copyrights
22  of the Celebrity Photographs that frame this dispute, which substantially consist of
23  material wholly original and which are copyrightable subject matter under the laws
24  of the United States.

25      21.    Backgrid filed for copyright registration of the Celebrity Photographs
26  within 90 days of their first publication with the United States Copyright Office.

27      22.    Defendant has directly, vicariously, contributorily and/or by
28  inducement willfully infringed Backgrid's copyrights by reproducing, displaying,

distributing, and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

23. All of the Defendant's acts are and were performed without permission, license, or consent of Backgrid.

24. Backgrid has identified at least 4 instances of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs).

25. As a result of the acts of Defendant alleged herein, Backgrid has suffered substantial economic damage.

26. Defendant has willfully infringed, and, unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Haute Living's encouragement of the infringement and financial benefit it receives from Backgrid's copyrights.

27. The wrongful acts of Defendant have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendant from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Defendant is infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

28. The above-documented infringements alone would entitle Backgrid to a potential award of up to $600,000 in statutory damages for the at-least 4 infringed photographs, in addition to its attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Defendant, and its officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be

permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of Backgrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendant from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505;

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: January 30, 2025          **ONE LLP**

By: */s/ Joanna Ardalan*
    Joanna Ardalan

*Attorneys for Plaintiff,*
Backgrid USA, Inc.

# DEMAND FOR JURY TRIAL

Plaintiff Backgrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: January 30, 2025         **ONE LLP**

By: */s/ Joanna Ardalan*
    Joanna Ardalan

*Attorneys for Plaintiff,*
Backgrid USA, Inc.

**COMPLAINT**